THE PEOPLE OF THE STATE OF NEW YORK ex rel. MALCOM BREWING COMPANY, Respondent and Appellant, *v.* THE BOARD OF ASSESSORS OF THE CITY OF BROOKLYN, Appellant and Respondent.

TAX — REVIEW OF ASSESSMENT. When the only question raised under a writ of certiorari to review an alleged erroneous or unequal assessment is, in effect, whether there was sufficient in the evidence before the assessors to justify them in making the assessment at the figure in question, and a reassessment is ordered by the Special Term and its order is affirmed by the Appellate Division, it must be assumed that both those courts decided the question adversely; and as the ordering of a reassessment, on reaching such conclusion, is proper under the statute, it raises no question of law for review by the Court of Appeals.

*People ex rel. Malcom Brewing Co.* v. *Neff*, 19 App. Div. 596, affirmed.

(Argued November 22, 1897; decided November 30, 1897.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered August 3, 1897, which affirmed an order of Special Term vacating, on certiorari, an assessment against relator and directing the board of assessors of the city of Brooklyn to make a reassessment.

The facts, so far as material, are stated in the opinion.

*Charles H. Otis* for relator.

*Joseph A. Burr* for defendant.

*Per Curiam.* The relator was assessed upon its capital stock for the year 1896, by the board of assessors of the city of Brooklyn, at the sum of $95,391.80, and, upon an application to have the assessment corrected, the board declined to make any alteration in the amount as fixed by it. A writ of certiorari was sued out by the relator, and, upon the review had at the Special Term thereunder, the assessment was vacated and the assessors were directed to make a reassessment, and that order has been affirmed by the Appellate Division. The grounds, as stated in the petition for the writ of certiorari, were, in substance, that the assessment was erroneous for overvaluation, and was unequal as to that part of its capital stock which consisted of real property, in that the assessment thereof made by the board was at a higher proportionate valuation than other real property in the same roll. The allegations of erroneous or unequal assessment were denied by the return, but the facts, as alleged in the petition, are not, in the main, controverted. The proceeding was brought to a hearing upon the writ and the return, and without the taking of any evidence by the court. The review had by the court, therefore, was upon the facts as they were made to appear before the assessors, in the sworn statements made by the officers of the relator and upon their oral examination. That evidence related to the items of the relator's book entries, as showing its assets and liabilities for a valuation of its capital

stock. The controversy was over their correctness and the inferences which were drawn by the assessors. What was involved was a consideration of certain facts and a determination of conflicting inferences. The question was, in effect, whether there was sufficient in the evidence before the assessors to justify them in making the assessment at the figure in question, and that question both courts must be assumed to have decided adversely. Reaching such a conclusion, a reassessment was properly ordered under the statute.

We perceive no question of law for review by this court, and, therefore, no occasion to disturb the order of the Appellate Division.

The order appealed from should be affirmed, but, as there are cross-appeals, without costs to either party.

All concur.

Order affirmed.